# UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
**William H. Walls**
Senior District Judge
_____

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Letter-Order**

June 21, 2010

Eugene Seabrookes
#437851/SBI 635381-B
P.O. Box 861
Trenton, NJ 08625-0861

    Re:    <u>United States v. Eugene Seabrookes, Crim. No. 97-485 (MTB), Civ. No. 01-054</u>

Dear Mr. Seabrookes:

    The Court has reviewed the motion that you filed on March 23, 2009 requesting a resentencing hearing.  The Court has also reviewed the October 20, 2009 response from the Government opposing your request and the May 12, 2010 letter from your court-appointed attorney who could find "no non-frivolous" arguments to support your motion.  The Court denies your request.  IT IS HEREBY ORDERED that your motion for a resentencing hearing is DENIED.

    The first basis of your request for a resentencing hearing is that "at sentencing the court engaged in judicial fact-finding later banned by the U.S. Supreme Court in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004)."  However, the Supreme Court's decision in <u>Blakely</u> and the Supreme Court's later decision in <u>United States v. Booker</u>, 542 U.S. 220 (2005) do not apply retroactively to cases on collateral review such as yours.  See <u>Lloyd v. United States</u>, 407 F.3d 608, 616 (3d Cir. 2005) (holding that "Booker does not apply retroactively to cases on collateral review").  As a result, your motion is time-barred because it was filed more than one year after your conviction became final.  See 28 U.S.C. § 2255(f) (establishing a general one year statute of limitations for § 2255 motions).  In addition, because you earlier applied for relief under 28 U.S.C. § 2255 on January 4, 2001, and that request was denied, your current motion for relief is properly understood as a "second or successive motion" for relief under 28 U.S.C. § 2255.  Your "second motion," which requests that the Court apply <u>Blakely/Booker</u> retroactively, is barred because an appellate court has not certified that it contains "a new rule of constitutional law,

made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)

The second basis of your request for a resentencing hearing is that "recent amendments to the U.S. Sentencing Guidelines (U.S.S.G.) manual, specifically 706 and 713, have stipulated a reduction in offense level of those persons convicted of cocaine base-related offenses. Via Amendment 713, these reductions in offense level are retroactive and are applicable to Defendant." However, this Court would be authorized to reduce your sentence on this basis only if "you were sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). Here, your sentencing range would not have been lower under Amendment 706. That amendment increased the amount of crack cocaine required for a base offense level of 38 from 1.5 kilos to 4.5 kilos. Your sentencing judge, then-District Court Judge Maryanne Barry, determined that the evidence supported a drug quantity of 25 kilos. This quantity is well over the 4.5 kilos for a base offense level of 38, which you received. Because your base offense level would have been 38 even if the Court had applied Amendments 706 and 713, those amendments do not authorize resentencing in your case.

Your court-appointed attorney has informed the Court that you raised with him the issue of newly discovered evidence that might support a motion for a new trial. Such a motion would seem to be barred by Rule 33 of the Federal Rules of Criminal Procedure, which states that any motion for a new trial "grounded in newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). That said, the Court permits your court-appointed attorney, John C. Whipple, to represent you to explore this issue.

Yours truly,

**s/ William H. Walls**
United States Senior District Judge

cc:     All Counsel of Record (via ECF)